*35 MEMORANDUM
BY THE COURT.
The right to recover on account of the travel referred to in Finding IY is conceded. United States v. Union Pacific R. R. Co., 249 U. S. 354.
As to the travel involved in plaintiff’s Exhibit A and referred to in Finding III the following suggestions are pertinent:
*36 1. The status of the persons partially shown. The court can not determine the question involved when the status of the traveler is not shown and the burden is on the plaintiff.
2. Officers or enlisted men actually in service in the Army of the United States are “ troops ” of the United States when traveling on official business under competent order, even though not traveling' with the organization to which they belong. An officer or enlisted man performing duty as a guard and traveling as such, under competent order, with a prisoner in his custody is entitled to travel as “ troops ” of the United States.
3. Whether expense of travel performed by a guard and his prisoner is or is not charged against the prisoner as a part of the penalty inflicted upon him or otherwise can not of itself affect the status of the guard or impair the rights of the Government as between it and the carrier.
4. There can be no recovery on account of the transportation as to which claims were presented at net land-grant rates, payment made of the claims as presented, and payment accepted without any protest of any kind. B. & O. and Oregon-Washington cases, 52 C. Cls. 468; 54 C. Cls. 131; 255 U. S. 339.
5. Exhibit A justifies the inference that some part of the claims involved are barred by the statute of limitations. That suit was commenced within six years after the cause of action accrued is jurisdictional in this court.
6. If a right of recovery exists as to any part of the travel involved in Exhibit A the necessary facts do not appear.
Judgment for plaintiff in the sum of $1,203.28.